UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RODGERICK SEAN BOOTH #188768, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-61 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| UNKNOWN BESEAU, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **DENYING LEAVE TO PROCEED** |
| Defendants. | ) | **IN FORMA PAUPERIS ON APPEAL** |
| | ) | |

Plaintiff Rodgerick Sean Booth, a prisoner incarcerated at Baraga Maximum Correctional Facility (AMF), filed an appeal to the dismissal of his 42 U.S.C. § 1983 action. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* on appeal under 28 U.S.C. § 1915(g). The court will order Plaintiff to pay the $455.00 filing fee on appeal within thirty days of this opinion and accompanying order, and if Plaintiff fails to do so, his appeal may be dismissed without prejudice.

### Discussion

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing number of claims filed by prisoners--many of which are meritless--and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to

prompt a prisoner to "stop and think" before filing a complaint. *Id*. For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Hampton*, 106 F.3d at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes rule", the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.), *cert. denied*, 525 U.S. 1139 (1999); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the court entered dismissals on the grounds that they were frivolous, malicious and/or failed to state a claim. *See Booth v. Karr, et al.,* No. 2:06-cv-148 (W.D. Mich. Aug. 7, 2006); *Booth v. Rutter, et al,* No. 2:06-cv-121 (W.D. Mich. Jul. 11, 2006); *Booth v. Peppler, et al.,* No. 2:06-cv-120 (W.D. Mich. Jun. 9, 2006); *Booth v. Bergh, et al.,* No. 2:06-cv-107 (W.D. Mich. May 9, 2006); *Booth v. Henson, et al.,* No. 2:06-cv-104 (W.D. Mich. May 4, 2006); *Booth v. Hursh, et al.,* No. 2:06-cv-91 (W.D. Mich. May 5, 2006); *Booth v. Tweedale, et al.,* No. 2:06-cv-84 (W.D. Mich. May 4, 2006); *Booth v. Stapleton, et al.,* No. 1:04-cv-670 (W.D. Mich. Nov. 16, 2004); *Booth v. Stapleton, et al.,* No. 1:02-cv-378 (W.D. Mich. Jun. 6, 2002). Moreover, Plaintiff's allegations do not fall within the exception to the three strikes rule, because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this appeal. An order consistent with this memorandum opinion shall be entered by the Court.

Dated:  October 11, 2006                    /s/ Gordon J. Quist
                                               GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
229 Federal Building
202 W. Washington St.
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**